STATE OF HAWAII, Plaintiff-Appellee, *v.* STUART GUY PRINCE, also known as Greg Cook and Greg Prince, Defendant-Appellant

NO. 9019

(CRIMINAL NO. 55877)

JULY 6, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

Appellant Stuart Guy Prince appeals from his conviction of Robbery in the First Degree under HRS § 708-840(1)(b)(i) and Burglary in the First Degree under HRS § 708-810(1)(a). He contends that the lower court erred in allowing extrinsic evidence of a collateral matter to be introduced on rebuttal for the sole purpose of impeaching his credibility. Although we agree with appellant that extrinsic evidence of a collateral matter should not be allowed on rebuttal for the sole purpose of impeaching a witness' credibility, we find that the evidence introduced in the present case was relevant, admissible evidence under Hawaii Rules of Evidence 404(b). We see no merit to appellant's other contentions.

I.

On February 3, 1981, Stephanie Burgess (victim) entered her Niu Valley home to find a masked gunman awaiting her return. The robber pointed a gun at the victim's head and pulled her into the master bedroom where a carefully concealed floor safe had been exposed. The robber ordered the victim to open the combination lock on the safe. After tying the victim with an electrical extension cord, the robber fled with $100,000 worth of personal property, including $25,000 in $100 bills, gold Kruggerands, rare coins, gold watches and the victim's 2½ carat diamond wedding ring.

At trial, Randall Lee testified that while doing some construction work on the victim's home, he had a chance viewing of the concealed floor safe and the valuables within. Lee told appellant of this safe and of what an easy target the victim was for a robbery. Thomas Curry testified that appellant asked him to go to the Niu Valley Shopping Center on February 3, 1981 and watch for any unusual police activity in the area. Lee also testified that later that afternoon he and Curry helped appellant unload many of the items stolen from the victim into a storage locker.

One week after the robbery, appellant invited Curry to go on a trip with him to Reno and Lake Tahoe, Nevada. Appellant paid all the expenses on this 12-day trip which involved hotel bills of $3,000 for just 4 nights at one hotel, the use of limousine services at a cost of $2,000 a week, a down payment of $5,000 for a new Corvette, and damage bills of $1,100 at two Nevada hotels, all of which were paid for in cash in $100 bills by the appellant. While in Nevada, appellant also sold various items of the victim's property, including the Kruggerands, the rare coins and the 2½ carat diamond.

Appellant admitted that he had some of the victim's property but he denied that he was the robber. On cross-examination, appellant was asked by the prosecutor about a $900 damage bill he paid to the MGM Grand Hotel in Reno. The damage was the result of a picture being torn from the hotel room wall. Appellant admitted paying the $900 damage bill but denied that he ripped the picture off the wall. The prosecutor, over the objection of defense counsel, was then allowed to call Arthur McNally, appellant's chaffeur in Nevada, as a rebuttal witness. McNally testified that appellant did in fact tear the picture off the wall. Based on the prosecutor's offer of proof, the court ruled that the evidence was relevant to the issue of the appellant's credibility.

## II.

Appellant contends that the lower court erred in allowing extrinsic evidence of a collateral matter to be introduced for the sole purpose of impeaching his credibility in violation of HRE Rule 608(b).[1] Although the basis for overruling the objection to the admission of the evidence was improper, we find that the evidence

---

[1] HRE 608(b) provides:

(b) *Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609 and bias, interest, or motive as provided in rule 609.1, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

was relevant and not collateral under HRE Rules 401, 402 and, specifically, 404(b).[2]

HRE Rule 401 provides:

Rule 401 *Definition of "relevant evidence".* "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

HRE Rule 402 provides:

Rule 402 *Relevant evidence generally admissible; irrelevant evidence inadmissible.* All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

HRE Rule 404(b) provides:

Rule 404 *Character evidence not admissible to prove conduct; exceptions; other crimes. . . .*

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

While evidence of other crimes, wrongs and acts is not admissible to prove the character of the accused or that he acted in conformity therewith, such evidence is admissible when it is relevant and probative of any fact that is of consequence to the determination of the action. HRE Rule 404(b). The Commentary to Rule 404(b) makes it clear that the admission of such evidence is within the sound discretion of the trial judge.

---

[2] We note that the evidence in question was offered to rebut assertions of fact made by appellant in the course of a rambling, volunteered answer during cross-examination.

In the present case, the central issue involved the identity of the masked gunman. The State offered evidence in its case-in-chief of appellant's possession of the victim's property while on a wild, spending spree in Nevada. Appellant's pattern of conduct in Nevada exhibited a total disregard for the value of the victim's money and thus was probative of the fact that it had come to him without his having given value or substantial services for it. That fact, in turn, had a tendency to make the existence of the fact that it had been obtained by robbery more probable than it would have been absent such evidence. Likewise, the evidence of appellant's tearing the picture off the wall of his suite in the MGM Grand Hotel without concern for the consequences or cost of such act was similarly probative of a disregard for money and thus of robbery and, therefore, relevant to establishing that appellant was the robber. Accordingly, we cannot say that it was an abuse of discretion for the trial judge to admit the rebuttal evidence.

### III.

Appellant contends that HRS § 606-12[3] denies him the right to fair appellate review of his trial because it does not require the recording of the closing arguments of counsel. Appellant alleges misconduct in the prosecutor's closing argument and complains that he cannot adequately appeal on this ground because there is no transcript of the closing argument in the record to document such misconduct.

There is nothing in HRS § 606-12 that precludes the recording of a closing argument. Counsel has a privilege to request in advance that closing argument be recorded and as a matter of local practice, this is frequently done. Furthermore, in cases where counsel does not request the recording of a closing argument, counsel must object when an improper comment is made so that if, it is necessary, the court can correct any prejudice by a jury instruc-

---

[3] § 606-12 *Duties of reporters.* The duties of each court reporter shall be to attend upon the court and write down all the testimony of witnesses in shorthand, together with the proceedings and objections of counsel, *exclusive of argument,* the rulings of the court, charge to the jury, and any other matter which the court may require him to report. . . .

tion. This also preserves the record of appellant's objection and the basis of the objection for review on appeal. *See State v. Melear,* 63 Haw. 488, 496-97 n.7, 630 P.2d 619 (1981). In the present case, counsel made no objections below and cannot complain now that the record is inadequate on appeal.

Affirmed.

*Anthony K. Bartholomew (Peter C. Wolff, Jr.* on the opening brief, *Hart & Wolff* of counsel) for appellant.

*Peter Van Name Esser,* Deputy Prosecuting Attorney, for appellee.